IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 24, 2006 Session

## CLIFFORD LEON FARRA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C49, 329     R. Jerry Beck, Judge**

---

**No. E2005-00963-CCA-R3-PC - Filed April 3, 2006**

---

The petitioner, Clifford Leon Farra, appeals from the denial of his petition for post-conviction relief. In this appeal, he asserts that the post-conviction court erred by proceeding with an evidentiary hearing even though the state had failed to file an answer to his original pro se petition. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Whitney P. Taylor, Kingsport, Tennessee, for the appellant, Clifford Leon Farra.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In August 2001, the petitioner was convicted of possession of more than 300 grams of cocaine with intent to resell, sale of more than 300 grams of cocaine, conspiracy to sell more than 300 grams of cocaine, possession of more than ten pounds of marijuana with intent to resell, sale of more than ten pounds of marijuana, and conspiracy to sell more than ten pounds of marijuana. The trial court merged the conviction for possession of more than 300 grams of cocaine into the conviction for sale of more than 300 grams of cocaine and also merged the conviction for possession of more than ten pounds of marijuana into the conviction for sale of more than ten pounds of marijuana. An effective sentence of forty-four years was imposed. On direct appeal, this court vacated the conviction for conspiracy to sell more than ten pounds of marijuana but otherwise affirmed the judgments of the trial court. See State v. Clifford Leon Farra, No. E2001-02235-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Dec. 10, 2003). The effective sentence remained the same. Id. Our supreme court denied permission to appeal on May 10, 2004.

Less than two months later, the petitioner filed a petition for post-conviction relief alleging fifteen separate grounds for relief. After the appointment of counsel, the petition was amended to include five additional grounds for relief. The state filed an answer within thirty days but addressed only the five grounds presented in the amended petition. The post-conviction court conducted an evidentiary hearing and ultimately denied relief by written order.

In this appeal, the single issue presented for our review is whether the trial court erred by conducting an evidentiary hearing without requiring the state to file a written answer to the allegations contained in the original petition for post-conviction relief. The petitioner contends that he was not given an opportunity to be heard on all of the issues. The state submits that the petitioner had a full and fair hearing on each of the claims and that any error by the post-conviction court was not prejudicial.

On March 17, 2005, approximately six weeks after the filing of the state's answer to the amended petition, the post-conviction court conducted an evidentiary hearing. Through his counsel, the petitioner asserted that he was confused by the state's failure to answer the allegations in the original petition and asked that the state be required to provide a complete response prior to the hearing. The post-conviction court assured the petitioner that all constitutional claims raised in both his original and amended petitions would be considered despite the state's failure to file a specific answer to the former. The court suggested that each of the claims be addressed one-by-one in order to determine which were constitutional and which were not. The court also indicated that it would determine prior to the presentation of evidence whether the state would be required to respond. During the discussion of the issues raised in the original petition, the petitioner, through counsel, abandoned several of the grounds for relief and acknowledged that others had been waived or previously determined. See Tenn. Code Ann. § 40-30-106(g), (h) (2003). Counsel for the petitioner then announced, "[I]f there is a proper ground raised in his original [p]etition, [the petitioner] would like it answered, according to the [s]tatute, before his hearing, so he knows what he is getting into."

After observing that "discovery" was not the purpose of the statutory requirement for a responsive pleading, the post-conviction court provided the state the opportunity to respond orally to each claim. When the petitioner insisted that the state file an answer prior to the hearing, the post-conviction court ruled that the answer to the amended petition operated as a general denial, which was sufficient to satisfy the requirements of the statute. The petitioner, through counsel, then asserted that he was not prepared to go forward because he had assumed that the hearing would not be held in the absence of an answer from the state. He contended that several potential witnesses were not present. While the petitioner's counsel initially asked for "more time," he conceded that his motive for asking was so the state could file a complete answer. When, however, the post-conviction court provided assurances that it would address all constitutional claims raised by the petitioner, counsel ultimately agreed to go forward.

During the evidentiary hearing, the petitioner testified that his right to a fair trial was violated by the state's failure to observe the rule of witness sequestration. See Tenn. R. Evid. 615; see also State v. Anthony, 836 S.W.2d 600, 604-05 (Tenn. Crim. App. 1992) (explaining the history and

importance of the rule). The petitioner stated that an officer, Bryan Bishop, talked with several state witnesses both before and after their testimony. While acknowledging that he had not heard the conversations, the petitioner asserted that the testimony of those witnesses would have been different had they "walked in cold, and been asked questions." The petitioner admitted that his trial counsel did not ask for "the Rule" until after the defense rested its case-in-chief.

The petitioner also claimed that the grand jury was unconstitutionally selected and empaneled in that African Americans were systematically excluded. He testified that the inmate who assisted in the preparation of his original petition "could prove" that there had not been an African American grand jury foreman in more than eighteen years. While asserting that he had "indictment sheets" signed by Art Salyer as grand jury foreman from as early as 1988, the petitioner admitted that he did not know if Salyer was African American, did not know how the grand jurors were selected, and otherwise had no proof of systematic exclusion by race. In a related issue, he asserted that his trial counsel was ineffective for failing to challenge the composition of the grand jury. He acknowledged, however, that he had no evidence that it was, in fact, unconstitutionally composed.

The petitioner also contended that his trial counsel was ineffective for failing to successfully challenge the validity of the search warrant issued for a rental unit, claiming that trial counsel should have established that he had rented more than one unit. Although he could not recall if he had informed his trial counsel that there was more than one unit, the petitioner claimed that his counsel should have known anyway. He also asserted that his counsel was ineffective for failing to call as a witness his accountant, Paul Rhoten, to establish that he did not earn a living by selling drugs.

When called as a witness by the petitioner, trial counsel testified that he could not recall whether the petitioner had informed him that he had rented more than one storage unit. Trial counsel defended his decision not to call Rhoten as a witness, explaining that Rhoten had indicated during a pretrial meeting that his testimony would "hurt [the petitioner] more than . . . help him." It was trial counsel's opinion that he had never represented a client when the evidence of guilt was more overwhelming. Officer Bryan Bishop, who testified as a witness for the state, denied having spoken to any state witness regarding the testimony presented during the petitioner's trial.

At the conclusion of the hearing, the post-conviction court denied relief, finding that the petitioner had failed to prove his claims by clear and convincing evidence. With regard to the petitioner's claim about witness sequestration, the post-conviction court concluded that the rule had not been demanded and, "even if it had been," there was no indication that there had been a breach. The post-conviction court also determined that the petitioner had failed to present "even a scintilla of proof" to support his claim that African Americans had been systematically excluded from the grand jury. Finally, the post-conviction court accredited the testimony of trial counsel and concluded that trial counsel was not ineffective for failing to challenge the basis for the issuance of the search warrant or for failing to call the petitioner's accountant as a witness.

As indicated, the single issue presented for our review is whether the post-conviction court erred by conducting an evidentiary hearing even though the state failed to file a written answer to

the claims raised in his original post-conviction petition. While Tennessee Code Annotated section 40-30-108 requires the state to file an answer or other responsive pleading, nothing in the Post-Conviction Procedure Act provides either a remedy or a sanction for the state's failure to respond. Section 108 specifically provides that the "[f]ailure by the state to timely respond does not entitle the petitioner to relief under the Post-Conviction Procedure Act." Tenn. Code Ann. § 40-30-108(a) (2003).

Further, the petitioner has failed to establish that he was prejudiced by the state's failure to respond. See Brewington v. State, No. 01C01-9808-CR-00327 (Tenn. Crim. App., at Nashville, Dec. 10, 1999), perm. app. denied, (Tenn. 2000). The state filed an answer to each of the claims raised in the amended petition. The post-conviction court concluded that the filing operated as a general denial to all of the petitioner's claims for relief. At the evidentiary hearing, the state provided an oral response to each of the petitioner's claims prior to the commencement of testimony. The post-conviction court considered all of the claims presented in both the original and amended petitions and permitted the petitioner to present evidence on those claims that were not abandoned, previously determined, or waived. Finally, the state did not offer any unexpected evidence at the hearing.

Under these circumstances, it is our view that the petitioner was afforded a full and fair hearing despite the state's failure to file a written response to the claims raised in the original petition. In consequence, he is not entitled to relief on this issue.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-